```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
GREGORY A. LEWIS AND BRITANNICA          :      15cv2676 (DLC)
CAPITAL PARTNERS, LLC,                   :
                                         :   MEMORANDUM OPINION
                    Plaintiffs,          :        AND ORDER
                                         :
          -v-                            :
                                         :
MALGORZATA MADEJ, KINGSLEY VENTURES      :
CORP. AND SANJAY GUPTA,                  :
                                         :
                    Defendants.          :
                                         :
---------------------------------------- X
```

APPEARANCES:

For the plaintiffs:

Jeffrey Sonnabend
Sonnabendlaw
600 Prospect Avenue
Brooklyn, NY 11215

For the defendants:

Vladimir Tsirkin
Spektor & Tsirkin, P.C
40 Rector Street, Suite 1502
New York, NY 10038

DENISE COTE, District Judge:

The plaintiffs contend that the defendants blocked the plaintiffs' use of the name Britannica and related trademarks by fraudulently registering the defendants' own marks with the Patent and Trademark Office ("PTO"). Fact discovery in the first phase of this litigation is due to conclude on April 29.

1

In this phase, the parties are exploring the extent to which either the plaintiffs or the defendants used the Britannica mark in commerce in the United States on or before February 12, 2012, which is the date on which the defendants first applied to the PTO to register their trademarks.  The trademarks were registered for use in connection with the provision of financial and research services.  The parties now dispute whether the depositions of the individual defendants must proceed in this country or may occur abroad.

On January 21, 2016, the defendants filed a motion for a protective order to allow the depositions of defendants Sanjay Gupta ("Gupta") and Malgorzata Madej ("Madej") to occur in London, England, or in the alternative by telephone, video conference, or written question.  The motion became fully submitted on January 29.  For the reasons that follow, Madej and Gupta are required to disclose promptly to the plaintiffs each of their residence addresses since this litigation began on April 7, 2015, and their current residence address.  Madej will also be required to disclose hospital records that are contemporaneous with the car accident and ankle surgery that occurred in December 2015 and purportedly prevent her from traveling to the United States.  Assuming that Madej and Gupta currently reside abroad, and that Madej submits medical records

2

showing the date of her surgery, Madej's deposition may take place in London or, at plaintiffs' option, remotely by videoconference or telephone.  If plaintiffs' counsel chooses to travel to London for Madej's deposition, then Gupta's deposition shall take place there as well.  If plaintiffs' counsel elects to conduct Madej's deposition remotely, then Gupta must appear in New York for his deposition.  Should counsel for any party elect, the deposition may be held in the Courthouse.

The background of this issue is as follows.  On October 23, 2015, the Court denied Kingsley Ventures Corporation's ("Kingsley") motion to dismiss for lack of personal jurisdiction, improper service, and venue.  Lewis v. Madej, 15CV2676 (DLC), 2015 WL 6442255 (S.D.N.Y. Oct. 23, 2015).  The Court also granted the plaintiffs' request for an extension of time to serve Madej and Gupta because the plaintiffs could not locate them, and allowed for substitute service under Rule 4(f), Fed R. Civ. P.

Kingsley's corporate address is in Wyoming, and Madej's "correspondence address" is listed as a mailbox at a Mailboxes, Etc. in London.  Amy J. Everhart, who represented the defendants in filing their motion to dismiss, agreed to accept substitute service for Gupta.  Vladimir Tsirkin was then retained to represent the defendants.  He filed an answer for Madej and

3

Gupta on November 20 and December 1 respectively.

A conference was held on December 18.  The locations of Madej and Gupta were discussed, among other matters.  Mr. Tsirkin stated that he was unable to locate Gupta but that he believed Gupta resides somewhere in Europe.[1]  He also represented that he had been in communication with Madej and was confident that both she and Gupta would participate fully in discovery.  The Court ordered that Madej must appear in New York for her deposition.

The defendants' January 21 motion requests that Madej's deposition take place in London or remotely because she was in a serious car accident in December and her current medical condition makes it impossible for her to travel.  The defendants did not provide any documents to substantiate the date or place of injury or the medical care given at the time of the injury.  In response to a Court order, they did submit some x-rays dated December 29, 2015, showing treatment for an ankle injury.  It is not evident from the x-rays whether they were taken

---

[1] Based on this representation, the Court ordered that Mr. Tsirkin make a submission describing the authority that he had to file an answer for Gupta, whom he could not locate.  On January 12, Mr. Tsirkin filed affidavits from Ms. Everhart and Gupta.  Ms. Everhart stated that Gupta authorized her to file an answer on his behalf.  She sent that answer to Mr. Tsirkin to file.

4

contemporaneously with the underlying ankle surgery or car accident. Madej did not submit any hospital records reflecting the date of the accident. The defendants also submitted a redacted note from a doctor stating that, as of January 16, Madej could not take long flights in her current condition. The doctor's note appears to originate from a physician in Poland and was written in Polish with an English translation.

The defendants argue that Gupta must be deposed in London because he resides in England and his business would be disrupted if he were required to travel to New York. In a declaration attached to the January 21 motion, Gupta identified his "correspondence address" for the first time as the same Mailboxes, Etc. address that Madej provided at the outset of this litigation. According to the defendants, Gupta also teaches a continuing education class with a daily commitment, preventing him from appearing in New York for his deposition. Moreover, the defendants claim that Kingsley's offices are in England so the depositions should take place there. Finally, the defendants contend that forcing Madej and Gupta to travel to New York would adversely impact Kingsley's business because they are both senior managers of Kingsley.

In response, the plaintiffs make three primary arguments. The first is that Madej and Gupta have not yet established that

5

they reside in England.  Although both Madej and Gupta claim to receive mail at the Mailboxes, Etc. address in London, neither one has provided information about their actual places of residence.  Indeed, there is some evidence that Madej actually resides in Massachusetts.  Madej executed two affidavits in 2013 that were sworn before a notary public in Massachusetts.[2]  The plaintiff also included copies of envelopes from 2013 that bear a return address at the London Mailboxes, Etc. mailbox but that were postmarked and processed in a USPS facility in Massachusetts.  For these reasons, Madej and Gupta shall be required to reveal their actual residences.

The plaintiffs further contend that there is no objective evidence of where Kingsley's offices are located, if they exist at all.  The business is incorporated in Wyoming and uses the home address of a registered agent for service of process in Wyoming.  The other addresses provided for Kingsley have been post office boxes in Massachusetts and London.

The plaintiffs next argue that Madej's claimed medical condition is not credible.  The plaintiffs point to the incomplete nature of the disclosure of her medical records and

---

[2] None of the declarations that Madej has submitted during this litigation has been sworn before a notary or otherwise indicated her physical location.

her refusal to supplement the records to show the date of her hospital admission.  The medical records are indeed incomplete and do not indicate the date of Madej's ankle surgery or the car accident.  Finally, the plaintiffs argue that Gupta's claims of his essential role in Kingsley's business are not credible, particularly given the fact that the defendants could not locate Gupta until November or December of 2015.

"A district court has broad latitude to determine the scope of discovery and to manage the discovery process."  EM Ltd. v. Republic of Argentina, 695 F.3d 201, 207 (2d Cir. 2012).  "Ordinarily, the proper place for taking an individual's deposition is his or her place of residence."  Ambac Assur. Corp. v. Adelanto Pub. Util. Auth., No. 09cv5087 (JFK), 2012 WL 1589597, at *6 (S.D.N.Y. May 7, 2012) (discussing the plaintiff noticing a deposition in New York of an individual defendant located in California).  "If a plaintiff notices an individual defendant's deposition at a location other than the defendant's residence . . . and defendant makes an objection, the plaintiff has the affirmative burden of demonstrating 'peculiar' circumstances which compel the Court to suspend the general rule."  Id.  Because courts retain "substantial discretion to determine the site of a deposition," a "plaintiff may overcome the presumption by showing that factors of cost, convenience,

7

and litigation efficiency militate in favor of a different location." Robert Smalls Inc. v. Hamilton, No. 09cv7171 (DAB)(JLC), 2010 WL 2541177, at *1 (S.D.N.Y. June 10, 2010) (citation omitted) (discussing the deposition of a defendant who resides in Florida); see also Estate of Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. 385, 390 (S.D.N.Y. 2011).

The factors of cost, convenience, and litigation efficiency favor the procedure outlined above: the defendants must provide additional proof that they have a foreign residence, and have had a foreign residence since this litigation began. Moreover, Madej must provide additional documentation supporting her inability to travel for medical reasons. Assuming both showings are made by February 17, 2016, plaintiffs may take Madej's deposition either in person in London or remotely by videoconference or telephone. If plaintiffs choose to travel to London, then the plaintiffs must take Gupta's deposition there as well. If the plaintiffs choose to take Madej's deposition by remote means, then Gupta must travel to New York for his deposition to take place in person at a time that is mutually convenient for the parties before the close of fact discovery. Gupta's counsel is located in New York, as are the plaintiffs and their counsel. Cost, convenience, and litigation efficiency thus weigh in favor of Gupta traveling here for his deposition

8

if the plaintiffs decide to take Madej's deposition remotely.

Gupta has not shown that his purported role at Kingsley or his teaching obligations prevent him from coming to New York for his deposition. Indeed, the defendants represent that Gupta travels extensively on Kingsley's behalf, and spends so much time outside of London that even Madej cannot reach him for extended periods of time. The special circumstances of this case -- in which the defendants have been accused of intentionally tortious and fraudulent conduct in the United States aimed at the plaintiffs who reside in New York -- also favor Gupta's appearance for his deposition here. Moreover, this case is unusual because neither Gupta nor Madej has made any showing of their <u>actual</u> residence. While Madej's submissions on this application leave much to be desired, she has made some showing that she cannot travel long distances because of her health condition. As discussed above, she will be required to supplement those submissions. The request to take depositions by written question is denied.

## Conclusion

The defendants' January 21, 2016 motion for a protective order is granted with respect to Madej, pending identification of her residence and the submission of more medical records, and denied with respect to Gupta.  Neither party is awarded costs.


Dated:    New York, New York
          February 11, 2016

```
                    _____
                         DENISE COTE
                    United States District Judge
```